97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael LICCIARDI, Defendant-Appellant.
 No. 95-10409.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 16, 1996.
Decided Sept. 16, 1996.
 
 Before: NORRIS, T.G. NELSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Licciardi seeks a new trial based on the government's failure to disclose alleged exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). We affirm the district court's denial of Licciardi's motion.
 
 
 3
 The denial of a new trial based on a Brady violation is reviewed de novo. United States v. Zuno-Acre, 44 F.3d 1420, 1425 (9th Cir.1995), cert. denied, 116 S.Ct. 383 (1995).
 
 
 4
 Licciardi was convicted of conspiracy to defraud the Delicato winery by selling Delicato inferior varieties of grapes, which it misrepresented as the more expensive Zinfandel variety. On appeal from the denial of his motion for a new trial, Licciardi contends that the government failed to disclose material evidence that Delicato had altered or destroyed records relating to the grapes involved in the misrepresentation scheme. Licciardi asserts that this suppressed evidence could have proved that Delicato was a co-conspirator in the fraudulent scheme to misrepresent the grapes, thus making it impossible for Licciardi to have conspired to defraud Delicato. Licciardi also asserts that the suppressed evidence would have called into question the quantity of misrepresented grapes that Delicato purchased.
 
 
 5
 The law compelling disclosure by the prosecution of evidence beneficial to a defendant is well-settled: "The suppression by the government of material favorable evidence violates due process and requires that the tainted conviction be vacated." United States v. Sarno, 73 F.3d 1470, 1504 (9th Cir.1995); see also Kyles v. Whitley, 115 S.Ct. 1555, 1565-67 (1995); Brady, 373 U.S. at 87. Moreover, "[t]he rule of Brady and its progeny operates even in the absence of a defense request for favorable evidence and extends to both exculpatory and impeachment evidence." Sarno, 73 F.3d at 1504; see also Kyles, 115 S.Ct. at 1565; United States v. Bagley, 473 U.S. 667, 682 (1985) (plurality opinion). Suppressed evidence is material " 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Sarno, 73 F.3d at 1504 (quoting Kyles, 115 S.Ct. at 1565). The "reasonable probability" standard is less stringent than a "more likely than not" standard, and does not require a defendant to show that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been sufficient evidence to convict. Kyles, 115 S.Ct. at 1566. Rather, the test asks whether the government's evidentiary suppression " 'undermines confidence in the outcome of the trial.' " Sarno, 73 F.3d at 1504-05 (quoting Kyles, 115 S.Ct. at 1566). The district court concluded that the withheld evidence casts new light on Licciardi's case, but does not undermine confidence in the verdict. We agree.
 
 
 6
 Under the first prong of the Brady test, Licciardi must show that the suppressed evidence is favorable to his defense. See id. at 1504. Licciardi meets this first prong. Evidence of Delicato's illegal conduct in falsifying the wine blend reports is favorable evidence because it shows wrongdoing by Delicato concerning the misrepresented grapes, and raises some question regarding Delicato's role in the conspiracy surrounding those grapes. Moreover, Licciardi could have used Delicato's illegal conduct to challenge the government's estimates of the quantity of grapes that had been misrepresented, because the estimates were based in part on Delicato's own documents and the testimony of Delicato's controller. Accordingly, evidence of Delicato's attempt to falsify wine blend reports is favorable evidence to Licciardi's defense.
 
 
 7
 However, Licciardi must also establish that the suppressed evidence is material, or presents a "reasonable probability" of a changed result, as required by the second prong of the Brady test. See id. The suppressed evidence shows that Delicato's illegal conduct occurred after Licciardi's fraud scheme had been completed.[1] The evidence also shows that Delicato lied about the location of the misrepresented grapes by telling the BATF that the tainted wine was still at the winery, presumably to avoid a recall. Delicato did not deny that fifteen loads of grapes had to be decertified due to the misrepresentations, and therefore did not avoid the accompanying loss of income for the decertified wine. This evidence does not present a reasonable probability that a jury would have found Delicato to be a co-conspirator, because it concerns a period of time after Licciardi's conspiracy ended, and addresses misrepresentations unrelated to Licciardi's conspiracy regarding the quality of the grapes. Moreover, the evidence at trial reflected that Delicato substantially overpaid Licciardi for his grapes, thereby undermining Licciardi's claim that Delicato was a co-conspirator. See United States v. Licciardi, 30 F.3d 1127, 1129-30 (9th Cir.1994).
 
 
 8
 The only other evidence offered by Licciardi in support of his claim that Delicato was involved in the conspiracy is his assertion that co-defendant Nick Bavaro testified at a post-conviction deposition that a top executive at Delicato was involved in the scheme to misrepresent the grapes. Licciardi does not argue that the government concealed Bavaro's testimony in violation of Brady, nor that Bavaro's testimony is "new evidence" that could not have been discovered by due diligence under Federal Rule of Criminal Procedure 33. Therefore, Licciardi cannot rely on this evidence now. In any event, Bavaro's testimony, even in conjunction with the suppressed evidence of Delicato's wrongdoing, still does not present a reasonable probability that the result of Licciardi's trial would have been different. At best, this evidence merely establishes that one of Delicato's executives kept the winery open on a Sunday in August, 1988, to receive 6 or 7 loads of grapes. In light of other evidence indicating that Delicato's winery operated 24 hours a day during the grape harvest season, it is not unusual for the winery to allow access on a Sunday. Certainly this one incident does not present a reasonable probability that a trier or fact would have found Delicato was deeply involved in the conspiracy to misrepresent the grapes.
 
 
 9
 Finally, it is highly unlikely that Licciardi would have received a different result at trial if he could have used the withheld evidence to successfully impeach Delicato's documents and the testimony of its controller regarding the quantity of the misrepresented grapes. The government presented overwhelming additional evidence regarding the quantity of misrepresented grapes. See Zuno-Arce, 44 F.3d at 1428; Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir.1993). All three co-conspirators testified about the money Licciardi received from the fraudulent scheme and this testimony was corroborated by Licciardi's bank statements and financial records, testimony from harvesters and truckers, and documents such as field tags, weight certificates, and trucking records.
 
 
 10
 Accordingly, there is no reasonable probability that, had the defense known that Delicato altered the wine blend reports, the result in the case would have been different.
 
 
 11
 The district court's judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The evidence shows that Delicato altered the wine blend reports, and altered or destroyed weigh tags and internal source documents between December 1988 and May 1989. The evidence sustaining Licciardi's conviction for conspiracy involved conduct by Licciardi occurring between the fall of 1987 and November 1988. See United States v. Licciardi, 30 F.3d 1127, 1129-30 (9th Cir.1994)